In the Matter of the Judicial Settlement of the Accounts of Samuel J. Tessier and Eugene J. Sullivan, as Executors, etc., of Edward J. Heffernan, Deceased.

Eugene J. Sullivan, as Sole Surviving Executor, etc., Appellant; Jesse Stiles, as Executor, etc., of Loring F. Freeman, Deceased, Respondent.

*Guaranty — discharge of surety — change of original contract.*

Appeal by Eugene J. Sullivan, as sole surviving executor, from so much of a decree of the Surrogate's Court of the county of Saratoga, entered in the office of said court on the 11th day of March, 1920, as adjudges that Jesse Stiles, as executor of the last will and testament of Loring F. Freeman, deceased, has a valid claim against the estate of Edward J. Heffernan, deceased.

Decree, so far as appealed from, reversed, with costs, upon the ground that the change in the lease, without the consent of the surety, was prejudicial to him and discharged him. All concur, except Woodward, J., dissenting, with an opinion.

Woodward, J. (dissenting): On the 9th day of October, 1901, Loring F. Freeman entered into an agreement under seal with John Tolmie, by the terms of which the said Freeman leased certain premises in Saratoga Springs to the said Tolmie for a term of ten years. The premises were to be used as a hotel, and it was covenanted that the lessee should use the buildings and premises for this purpose only, and that he should turn over to the lessor at the end of the term whatever improvements he might have erected upon the premises. E. J. Heffernan and S. W. Robbins contracted under seal that the lessee would faithfully keep the covenants of the lease and pay the rent, in default of which they agreed to pay the same. Jesse Stiles, as executor of the estate of Loring F. Freeman, the lessor, put in a claim for rent due under the provisions of the lease and the contract of surety, and the learned surrogate of Saratoga county, upon a hearing of the parties, has decreed that the estate of Heffernan is to be charged with the amount of the claim. The executor of the latter estate appeals from so much of the decree as is involved in this proceeding. It is not disputed substantially that the estate of Heffernan is liable under the terms and conditions of the lease and the contract guaranteeing its performance, but it is urged that because of a certain agreement, made on the 15th day of August, 1902, between the parties to the original lease, the primary contract was modified and changed, and thereby the sureties were discharged of their obligation. This second contract, which by its terms relates to premises on Geyser avenue, while the original lease was of premises on Ballston avenue, though it appears to have been assumed that they dealt with the same property, does not pretend to modify the obligations of the original lease. Its language is rather that of extending a privilege to the lessee to construct buildings other than those upon the premises at the time of the lease, and to remove the same at the termination of such lease. It is clear from a reading of the original lease that it did not pretend to deal with the matters covered by the second contract. The original agreement related wholly to the

premises as a hotel property, excluding the right to till or pasture the orchard, and it provided that " all improvements put upon the said property and premises and for the benefit thereof to belong to the party of the first part." They were providing the conditions of a lease which was primarily concerned with the carrying on of a hotel; the lessee covenanted that he would " only use said premises as a hotel," and the improvements as to which it contracted were to be those which were " for the benefit thereof," as a hotel. The second contract had reference to the construction of buildings to be used for " another branch of business," and which the lessee was to construct at his own expense, and to have the right to remove at the end of the term. In other words, the land which he had the right to cultivate as incident to the operation of the hotel he might now utilize as the location for new buildings, not within the contemplation of the parties at the time the first lease was made. It is an entirely independent contract, creating new rights, and in no manner involving the obligations of the guarantors. It was not a modification of the contract to observe the covenants or to pay the rent, and these alone concerned the sureties. The contract for a new lease, to commence upon the expiration of the original lease, could not, of course, have any bearing upon the present controversy. The decree should be affirmed.